IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN M. WARREN, | No. C 10-1740 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

On April 22, 2010, plaintiff filed this *pro se* action seeking review of the Social Security Administration's ("SSA" or "the agency") determination that the agency made an overpayment in benefits. Defendant moves to dismiss this case for lack of jurisdiction because plaintiff has not exhausted his administrative remedies. Having considered the parties' papers and exhibits, the Court GRANTS defendant's motion and DISMISSES this case.

**BACKGROUND**

Plaintiff has been receiving benefits as a disabled adult since November 1998. *See* Herbst Decl. ¶ 3(a). By letter dated January 9, 2009, the SSA notified plaintiff that he had been overpaid in the amount of $12,080.31. *Id.* ¶ 3(b). Plaintiff requested that the agency reconsider its determination. *Id.* at ¶ 3(b). On July 24, 2009, the agency denied plaintiff's request. *Id.* at ¶ 3(c). The notice of denial stated that if plaintiff disagreed with the agency's determination, he could request a hearing within sixty days. *Id.* Plaintiff filed a request on October 7, 2009. *Id.* The request was denied on November 2, 2009, by an administrative law judge ("ALJ"). *Id.* at ¶ 3(d).

Plaintiff then filed a motion with the ALJ, requesting that the denial be vacated. *Id.* This request was denied on January 12, 2010. The same day, plaintiff filed a request for review of this determination by the Appeals Council. *Id.* This request is still pending. *See* Def. Reply, at 3. Plaintiff also filed a request that the Appeals Council review the ALJ's November 2, 2009 denial of plaintiff's request for a hearing. *Id.* at ¶ 3(e). The Appeals Council denied this request on February 23, 2010. *Id.* Plaintiff subsequently filed this action seeking judicial review.

## LEGAL STANDARD

This Court has jurisdiction over cases arising under the Social Security Act pursuant to 42 U.S.C. §§ 405(g) & (h). Under § 405(g), an individual may file a civil action "after any final decision of the Commissioner of Social Security made after a hearing to which he was a party." 42 U.S.C. § 405(g). Section 405(h) provides that § 405(g) is the sole avenue for judicial review under the Social Security Act. *See* 42 U.S.C. § 405(h) ("[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed . . . except as herein provided"). The Social Security Act itself does not define "final decision," and the Supreme Court has held that the term should be defined by the applicable regulations. *Weinberger v. Salfi*, 422 U.S. 749, 767 (1975).

The Social Security regulations provide an administrative appeals process involving (1) an initial determination; (2) reconsideration of the initial determination; (3) a hearing before an administrative law judge; and (4) review of the administrative law judge's decision by an Appeals Council. 20 C.F.R. § 404.900(a)(1)-(4). The regulations also state: "[w]hen you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this subsection, we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court." *Id.* at § 404.900(a)(5). Thus, a plaintiff must generally exhaust these administrative remedies prior to filing a claim in court. However, a court may waive exhaustion when the claim is "(1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)." *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993) (citing *Briggs v. Sullivan*, 886 F.2d 1132, 1139 (9th Cir.1989)).

**DISCUSSION**

Defendant argues that no final decision has been made after a hearing in plaintiff's case and that this Court therefore lacks jurisdiction under 42 U.S.C. section 405(g). Defendant contends that this Court may only review a decision reached after a hearing, not the denial of a request for a hearing and not a pending decision of the Appeals Council. Defendant bases this interpretation on the language of 42 U.S.C. sections 405(g) and (h) as well as agency regulations, such as 20 C.F.R. section 416.1459.

The relevant language of 42 U.S.C. section 405(g) reads: "Any individual, after any final decision . . . made after a hearing to which he was a party . . . may obtain review of such decision by a civil action commenced within sixty days . . . or within such further time as the Commissioner of Social security may allow." 42 U.S.C. section 405(h) reads, in relevant part: "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." In *Califano v. Sanders*, 430 U.S. 99, 109 (1977), the Supreme Court held that "[t]his provision clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing'." The Court held that it did not apply to a decision to deny the plaintiff's petition to reopen a prior final decision, where the decision was made without holding a hearing. *Id.*

Plaintiff contends that counsel for the defendant has failed to provide him with a full and complete record of the documents associated with this motion.[1] Plaintiff also alleges that Judge Laverdure, the ALJ who dismissed plaintiff's request for a hearing, reported plaintiff to the Federal Protection Agency for making threatening statements to the judge. Plaintiff argues that, because this took place prior to Judge Laverdure deciding plaintiff's case, Judge Laverdure had a conflict of interest that merits a full review of plaintiff's case history.[2]

Plaintiff's explanation of the course of events fails to address the core issue: whether this Court has subject-matter jurisdiction of plaintiff's claim. Based on a plain reading of 42 U.S.C. section

---

[1] The government notes that pursuant to 20 C.F.R § 401.40(c), plaintiff has multiple ways to access his SSA file.

[2] The government asserts that plaintiff's bias argument is part of the appeal pending before the Appeals Council. *See* Reply at 6:16-19.

405(g), it appears that the answer to that question is no. Plaintiff challenges two decisions: the Appeals Council's February 23, 2010 denial of plaintiff's request for a hearing and plaintiff's January 12, 2010 request that the Appeals Council review the ALJ's denial of plaintiff's motion to vacate. In the first case, there was no hearing and the language of 42 U.S.C. section 405(g) limits this Court's jurisdiction to review of a "final decision . . . made after a hearing." *Califano*, 430 U.S. at 109. In the second case, plaintiff's appeal is still pending before the Appeals Council. As such, plaintiff has not exhausted his administrative remedies and his request for review is premature. Finally, the Court sees no reason to waive the exhaustion requirement at this time.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's motion to dismiss.

**IT IS SO ORDERED.**

Dated: May 9, 2011

SUSAN ILLSTON
United States District Judge